IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                              No. CR 15 -03762 JCH

NAEL ALI and
MOHAMMED MANASRA,

        Defendants.

## NINTH JOINT UNOPPOSED MOTION TO VACATE AND CONTINUE CURRENT TRIAL SETTING AND ENLARGE THE TIME FOR FILING MOTIONS

       Defendants Nael Ali and Mohammed Manassra, by and through their respective counsel, Jerry Daniel Herrera, Attorney and Irma Rivas, Assistant Federal Public Defender, pursuant to pursuant to 18 U.S.C § 3161 (h)(7)(A) and *United States v. Toombs*, 574F.3d 1262 (10th Cir. 2009), hereby jointly move the Court, unopposed, for an Order vacating and continuing the current trial setting and enlarging the time for filing motions in this case, and as grounds for said motion would show to the court as follows:

       1. The co-defendants Nael Ali and Mohammad Manasra were indicted on October 20, 2015. [Doc 2].

       2. The original trial was slated for December 14, 2015 and the original motions deadline was set for November 18, 2015.  This Court granted the first unopposed motion to vacate that trial setting as well as granting an extension to file motions. [Doc. 32]. The reason for the request was that discovery had not been received or reviewed. The Court granted the Motion on November 20, 2015. [Doc. 34].

3. On March 23, 2016, a redacted, superseding indictment was filed, [Doc. 42], expanding both the number of counts contained as well as the addition of new and different charges, Count 5, 18 U.S.C. 1341, Mail Fraud, and Counts 6-10, 18 U.S.C. 1343, Wire Fraud.  These charges carry significant additional possible penalties to defendants.

4.  On August 5, 2016, this court granted Mr. Ali's motion to vacate and continue the trial, rescheduling the trial for October 17, 2016. [Doc. 63].

5.  This Court has similarly granted subsequent motions for continuance and extensions of time to file motions.  This matter is currently set for trial August 21, 2017, [Doc. 87].  The Court also extended the deadline for filing motions until June 28, 2017.

6.  Discovery in this case has been voluminous.  Discovery includes approximately 57,000 pages as well as videos.

7.  In addition,  counsel have not quite yet completed their investigations in this matter.  And, given the extreme volume of discovery, counsel for Mr. Manasra and Mr. Ali are still not quite in a trial posture.  However, at this point, the U.S. Government has just very recently extended formal offers to both of the defendants in this cause, both of which are under serious consideration.  Further, Mr. Ali and the government are in the process of scheduling a review and examination of thousands of pieces of evidence which may or could impact both forfeiture and sentencing considerations.

8.  In addition, Mr. Ali was, subsequent to this cause, indicted in a case charging a different violation of the  Indian Arts and Crafts Act.  *United States v. Aysheh*, *et al,* 17 CR 370. [Doc. 2].   The defense has filed an unopposed motion seeking to designate the case as complex [Doc. 59].  This Court has scheduled a hearing on the defense

motion for August 10, 2017.  The government has provided extensive discovery in Mr. Ali's second indictment.  This components of this cause and the discovery, needless to say, are, in many ways, interlaced and it is difficult to prepare Mr. Ali's first case in a vacuum.   Counsel is still in the process of reviewing and investigating discovery from this second indictment.  Such an indictment creates timing, practical and legal implications.

9.  Therefore, counsel would respectfully ask the court for an additional 60 days in which to file motions and a similar time period beyond that for a new trial setting.

10.  Neither Mr. Ali nor Mr. Manasra are in custody.

11.  United States Attorney, Kristopher Houghton does not oppose this motion.

Counsel would submit that the ends of justice would be served by the granting of the requested continuance and enlargement of time to file motions, and that such action outweighs the best interest of the public and the defendant in a speedy trial. *U.S. v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).   The time period of the extension shall be excluded in computing the time within which the trial must commence pursuant to 18 U.S.C. § 3161(h)(7)(A) and 18 U.S.C. § 3161(h)(7)(B)(ii).  Counsel further submits that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established and contemplated within the *Speedy Trial Act.*

The defendants agree to waive speedy trial rights under the Speedy Trial Act for the time frame referenced.

WHEREFORE, counsel respectfully ask this court to vacate the current trial setting as requested herein and to allow the enlargement of the time to file motions to

allow counsel sufficient time to complete their review of the discovery and in particular, Mr. Ali in tandem with cause No. 17 CR 370 as well as to allow the defendants time to explore the possibility of negotiated resolutions.

/s/ Electronically signed

JERRY DANIEL HERRERA
*Attorney for Defendant Ali*
620 Roma Ave., NW
Albuquerque, NM 87102
Telephone: (505) 262.1003
E.mail: jd@jdherreralaw.com

/s/ Electronically Signed

IRMA RIVAS
*Attorney for Mohammed Manasra*
Assistant Federal Public Defender
111 Lomas, NW Ste 501
Albuquerque, NM 87102
Telephone: (505) 346.2489
E.Mail: irma.rivas@fd.org

I hereby certify that this document was
filed electronically, using the Courts ECF system
which automatically provides copies to parties
of record on this 04th day of August, 2017.

/s/ Electronically signed

JD Herrera